# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**EDGAR LEIVA,**

   **Plaintiff,**

**v.**                  **No. 15-cv-0040 SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

   **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act . . . [Doc. 28] ("Motion"), filed on May 17, 2016. The Commissioner responded on June 1, 2016. [Doc. 29]. Plaintiff has not yet replied, but no reply is needed. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 7]. Plaintiff moves the Court for an award of $6,374.50 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Doc. 28] at 1. Having reviewed the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is well-taken and will be granted.

## Background

The Commissioner denied Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. *See* Tr. 10. After exhausting his administrative appeals, Plaintiff timely filed an action in this Court on January 14, 2015. [Doc. 1].

This Court found that the administrative law judge ("ALJ") had failed to apply the correct legal standards in weighing the medical opinions of Dr. Spies, Dr. Valle, and Dr. Smith. [Doc. 26] at 5–13.  The ALJ rejected portions of Dr. Spies's and Dr. Valle's opinions but impermissibly failed to explain why.  *Id.* at 5–9.  Specifically, the ALJ did not include (and did not explain why he did not include) in his residual functional capacity ("RFC") assessment any limitation on Plaintiff's ability to get along with supervisors or coworkers.  *Id.*  The Court found that there was no suggestion that Dr. Spies's and Dr. Valle's opinions were contradicted by the record.  *Id.* at 7.  In fact, the ALJ himself had found that Plaintiff's social functioning was moderately limited due to his "difficulties being around others."  *Id.* (quoting Tr. 13).  Therefore, the ALJ was required either to incorporate into his RFC assessment a limitation on Plaintiff's ability to get along with supervisors and coworkers or explain why not.  *Id.* at 5−9.  The ALJ did neither.  *Id.*

The Court made similar findings as to Dr. Smith's opinion.  *Id.* at 9–13.  For example, in Dr. Smith's "ultimate mental RFC determination," he estimated that Plaintiff had a limited ability to "relate appropriately" with supervisors and coworkers.  *Id.* at 13 (quoting Tr. 452).  The ALJ's RFC assessment did not incorporate any limitation on Plaintiff's ability to deal with supervisors and coworkers, and he did not explain the omission.  *Id.*  For these reasons, the Court reversed the Commissioner's denial of benefits and remanded the case for further administrative proceedings.  *Id.* at 14.

## Analysis

Plaintiff now moves for an award of $6,374.50 in attorney fees pursuant to EAJA. [Doc. 28] at 1.  The Commissioner opposes the Motion because, she argues, her position was substantially justified.  [Doc. 29] at –10.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust.  28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust.  Their sole disagreement is whether or not the Commissioner's position was substantially justified. [Docs. 28–29].

The Commissioner bears the burden of showing that her position was substantially justified.  *Hackett*, 475 F.3d at 1172.  Her "position" collectively refers to her positions at the administrative level and before the federal courts in a given case.  28 U.S.C. § 2412(d)(2)(D). EAJA fees generally should be awarded if the ALJ's reasons for denying benefits were unreasonable, "even if the government [subsequently] advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted).

"The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Id.* at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).  Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted).  A district court's remand order does

3

not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566).

Similarly, a district court's order affirming a final decision by the Commissioner does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988). For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that h[er] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

In this case, the Commissioner argues that her position was substantially justified. [Doc. 29] at 4–9. She comes at it from two different angles, neither of which is persuasive. First, she argues that the ALJ's RFC assessment did, in fact, include a limitation on Plaintiff's ability to deal with supervisors and coworkers. *Id.* at 8. Or at least she argues that the Court should infer that the ALJ meant to include such a limitation. *Id.* The following is the ALJ's RFC assessment, verbatim:

> [Plaintiff] has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: he retains the ability to remember, understand[,] and carry out simple and detailed instructions but not complex ones; he is able to work on a brief superficial level and to complete a routine workday that does not involve interacting with the general public and performing work primarily working with things. He is able to concentrate for two hours at a time.

Tr. 14.  This RFC assessment simply does not include any limitation regarding coworkers or supervisors or anything that could imply such a limitation.  *Id.*  The Commissioner, however, argues that the absence of such a limitation is merely a "lack[ of] clarity[,] . . . a deficiency in decision-writing technique[.]"  [Doc. 29] at 8 n.1.  She argues that it was "clearly intended to be the ability to work on a brief, superficial interaction [sic] with coworkers and supervisors, as Dr. Smith found."  *Id.*  That is, she wants the Court to infer that the ALJ really meant to write something other than what he actually wrote.  *See id.*  Then, further, she wants the Court to supply the omitted limitations.  *See id.*  The point being that, if the Court supplied the missing limitations, the ALJ's RFC assessment would be consistent with the medical opinions.  *See id.*

The Court is not persuaded for two reasons.  First, the Commissioner did not present this argument in the briefing on the Motion to Remand; this is the first time she raises it.  Therefore, even if it were persuasive—which it is not—it could not evidence that her positions at the administrative level and on the merits briefing were substantially justified.  After all, this argument is entirely new.

Additionally, she offers no support—legal or factual—for her argument that the Court should supply the missing limitations on the theory that they were mistakenly omitted.  *See Rapid Transit Lines, Inc. v. Wichita Developers, Inc*., 435 F.2d 850, 852 (10th Cir. 1970) (A party's failure to cite any authority "suggests either that there is no authority to sustain its position or that it expects the court to do its research.").  After all, the Commissioner points to nothing in the record that would indicate that the disputed limitations were omitted inadvertently.  The argument is pure speculation.  Perhaps more importantly, though, the legal authorities indicate that the Court may not supply the missing limitations.  *See, e.g.*, *Robinson v. Barnhart*,

366 F.3d 1078, 1084 (10th Cir. 2004) (Reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision" and may not "supply[] possible reasons" for an ALJ's decision after the fact.).

Second, the Commissioner seems to argue that the ALJ adequately explained why he had rejected the opinions at issue.  [Doc. 29] at 5.  She cites to certain findings made by the ALJ, but as in the merits briefing, she fails to connect those findings to the dispute here.[1]  *Compare* [Doc. 29] at 5–6, 9, *with* [Doc. 23] at 13–14.

The Court is not persuaded that the Commissioner's position was substantially justified. Here, two examining sources and one non-examining source all agreed that Plaintiff's ability to get along with supervisors and coworkers was at least moderately limited.  Nothing in the record contradicted those opinions.   The ALJ, therefore, was required to either (1) reflect such limitations on the RFC assessment or (2) explain why not.  *See* SSR 96-5p, 1996 WL 374183, at *5 (ALJs are required to weigh medical source opinions and to provide "appropriate *explanations* for accepting or rejecting such opinions.") (emphasis added); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (same) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)).  The Commissioner was not substantially justified in arguing that there was no error when the ALJ failed to incorporate in the RFC assessment any limitation on Plaintiff's ability to get along with supervisors and coworkers.[2]

---

[1] The Commissioner argues that the Court "neither disputed nor even addressed" this argument.  [Doc. 29] at 9. However, the Court did analyze this argument in its Memorandum Opinion and Order on the merits briefing. [Doc. 26] at 8–9 (holding that the findings cited by the Commissioner were unrelated to the disputed limitations and, thus, did nothing to explain why the ALJ rejected them).

[2] The Commissioner is adamant that she was substantially justified in arguing that the ALJ was not required to account for all of Dr. Smith's "section I findings" as long as he accounted for all of the "section III findings" (i.e., the doctor's "ultimate mental RFC determination").  [Doc. 29] at 4–5.  The problem is that the ALJ in this case did not account for all of the limitations on Dr. Smith's "ultimate mental RFC determination," nor did he explain why

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act . . . [Doc. 28] is **GRANTED**, and Plaintiff Edgar Leiva is authorized to receive $6,374.50 for payment to his attorney for services before this Court as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

not. *Compare* Tr. 452 (Dr. Smith's opinion that Plaintiff had a limited ability to "relate appropriately" with supervisors and coworkers), *with* Tr. 14 (ALJ's RFC assessment, which does not mention supervisors or coworkers), *and* Tr. 14–17 (ALJ's findings regarding the RFC assessment, which do not explain why he did not limit Plaintiff's ability to deal with supervisors and coworkers).